Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00673-CV

**IN THE INTEREST OF H.L.** and H.L., Children

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2006-CVJ-000640-D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  July 25, 2012

AFFIRMED

Erika L. appeals the trial court's order terminating her parental rights, contending the trial court erred by: (1) admitting evidence of matters that occurred prior to the entry of an October 2007 order denying an earlier attempt to terminate her parental rights; and (2) admitting transcripts of prior hearings. We affirm the trial court's order.

## PROCEDURAL BACKGROUND

In 2006, the Texas Department for Protective and Regulatory Services filed its original petition to terminate Erika's parental rights. After a hearing on October 10, 2007, the trial court signed an order denying the Department's petition. In that order, the Department was appointed

managing conservator of Erika's children, H.L. and H.L., and Erika was appointed possessory conservator.

In January of 2010, the Department filed a supplemental petition to terminate Erika's parental rights. After a jury trial, the trial court signed an order terminating Erika's parental rights. Erika then filed a motion for new trial and statement of appellate points. The trial court held a hearing and determined that only the following two points raised by Erika were non-frivolous:

> The court committed reversible error by allowing into evidence matters prior to the final judgment dated October 10, 2007. Such evidence was clearly inadmissible. The only way to introduce evidence prior to October 10, 2007 was with a transcript of the hearing of the prior trial. No transcript of the prior trial was offered or admitted. The court committed reversible error in allowing such prejudicial evidence, in violation of Texas Family Code 161.004(b), as such matters were barred by res judicata and collateral estoppel. The admission of this evidence over Respondent Mother's objection was reversible error.

> The trial court erred by allowing transcripts of prior hearings to be admitted wholesale and without foundation and without reading it into evidence. The admission of this evidence over Respondent Mother's objection was reversible error.

Erika did not appeal the trial court's finding that the remaining points raised by Erika were frivolous, nor does Erika challenge the trial court's frivolous finding in her brief. Accordingly, the scope of this appeal is limited to the two issues the trial court found to be non-frivolous.

## MATTERS PRIOR TO OCTOBER 10, 2007

With regard to the issue about the admission of evidence of matters prior to October 10, 2007, the only testimony referenced in the brief is Erika's testimony that she was using alcohol by the age of 12 and using marijuana one or two years later.[1] Although an objection was made regarding a letter Erika had written to a trial judge regarding the reasons she wanted her children

---

[1] Unlike the issue presented in the statement of appellate points, we note that Erika's brief does not raise any issue with regard to the necessity of the evidence being introduced only through a transcript of the prior hearing.

returned to her, no objection was made when Erika testified about the age at which she began using alcohol and marijuana. Instead, almost ten pages after Erika's testimony, an objection was made that the testimony related to matters before the 2007 judgment and referencing res judicata.

In order to preserve error for appellate review, the record must show that the complaint was made to the trial court by a timely objection. TEX. R. APP. P. 33.1. "An objection made after the objectionable testimony has been given is untimely, and any potential error is waived." *Amunson v. State*, 928 S.W.2d 601, 607 (Tex. App.—San Antonio 1996, pet. ref'd); *see also Seneca Resources Corp. v. Marsh & McLennan, Inc.*, 911 S.W.2d 144, 152 (Tex. App.—Houston [1st Dist.] 1995, no writ) (objection made after lengthy testimony spanning eight pages of the statement of facts was not timely). In the context of parental termination appeals, "adhering to our preservation rules isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose." *In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003). Because the objection that Erika's testimony related to matters before October 10, 2007 was made after the testimony was given, the objection was untimely, and any potential error is waived.[2] *See* TEX. R. APP. P. 33.1; *Amunson*, 928 S.W.2d at 607.

## ADMISSION OF TESTIMONY FROM PRIOR HEARING

The second issue the trial court found to be non-frivolous was the admission of testimony from a prior hearing. This issue pertains to the introduction of the transcript from a prior hearing in which two witnesses testified who were not available to testify at trial. Erika concedes in her brief that no authority would support reversal on this basis, and the Department notes the

---

[2] In briefing this issue, Erika also appears to contend this testimony is insufficient to support the termination of her parental rights under section 161.001(1)(P) of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(P), 161.004 (West Supp. 2011). The order terminating Erika's parental rights, however, based the termination on the jury's findings in support of termination under sections 161.001(1)(D), 161.001(1)(E), and 161.001(1)(O).

testimony was admissible under TEX. R. EVID. 804(b)(1) (setting forth hearsay exception for testimony given as a witness at another hearing of the same proceeding).

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice